Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>  v.<br><br>JOSEPH STEPHEN DE VITA, III, DEBORAH DE VITA OLNICK, JOAN DE VITA and CHRISTINA DE VITA,<br><br>      Defendants.<br><br>JOAN DE VITA,<br><br>      Defendant/Third-Party Plaintiff<br><br>JOSEPH STEPHEN DE VITA, III, DEBORAH DE VITA OLNICK, and CHRISTINA DE VITA as Personal Representatives of the ESTATE OF JOSEPH STEPHEN DE VITA II,<br><br>      Third-Party Defendants. | Case No. C09-0082-JCC<br><br>ORDER |

This matter comes before the Court on Third-Party Plaintiff Joan De Vita's Motion for Summary Judgment (Dkt. No. 21); Third-Party Defendant Joseph Stephen De Vita, III, and Deborah De Vita Olnick's Cross-Motion for Summary Judgment (Dkt. No. 22); the parties' Responses, including Christina De Vita's Response, (Dkt. Nos. 24, 25, 27); and the parties' Replies (Dkt. No. 29–30). Having thoroughly considered these papers, as well as the associated files and records, and the Court being fully advised, it is hereby ORDERED that Joan De Vita's

ORDER - 1

Motion for Summary Judgment (Dkt. No. 21) is DENIED. Joseph De Vita III and Deborah De Vita's Cross-Motion for Summary Judgment (Dkt. No. 22) is GRANTED for the reasons set forth below.

**I.     BACKGROUND**

Third-Party Plaintiff Joan De Vita ("Joan") is the former wife of decedent Joseph De Vita II ("Joe II"). (Dkt. No. 21 at 2.) Upon their divorce in 1996, Joan obtained a divorce decree in California granting her an irrevocable interest in Joe II's life insurance policy in the amount of $200,000. (*Id.*) The language in the divorce decree reads: "As additional spousal support the Respondent shall maintain his Basic Life Insurance at his employer, FHP, up to the maximum amount for the benefit of the Petitioner and shall maintain her as his sole beneficiary for as long as he is obligated to pay spousal support to the Petitioner." (Dkt. 22 at 2.)

Joe II died in April 2008. At the time of his death, he had left FHP and was employed by SeaBright Insurance Company. (*Id.*) His only life insurance policy at the time of his death was an employee welfare benefit plan subject to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001 *et seq.*(*Id.*) The amount of the plan is $401,700 and the named beneficiaries are Joe II's children, Deborah De Vita and Joseph De Vita III ("the children"). (Dkt. No. 21 at 3.) The funds have been deposited in interpleader, and the parties now file cross-motions for summary judgment to contest the proper division of those funds.

Joan claims that the California statute, common law, and divorce decree entitle her to $200,000. (Dkt. No. 21 at 3.) The children claim that ERISA preempts all claims based in state law, and that only the beneficiary named in the plan is entitled to any distribution of benefits. (Dkt. No. 22 at 7–8.) Because both parties agree that the anti-alienation provision in 29 U.S.C. §1056(d) does not apply to welfare benefit plans such as life insurance, the Court will not consider that provision.

///

## II. APPLICABLE LAW

### 1. Summary Judgment

Summary judgment is the appropriate resolution for a case such as this where the material facts are not in dispute, and resolution turns on legal issues. *See e.g., Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986).

### 2. ERISA

ERISA governs the administration of employee benefits and pension plans. *See* 29 U.S.C. § 1001 *et seq.* The statute expressly provides that it "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. §1144(a). "State law" is defined as "all laws, decision, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. §1144(c)(1).

## III. ANALYSIS

The Supreme Court has held that state law is preempted "if it has a connection with or reference to" an ERISA plan. *Egelhoff v. Egelhoff*, 532 U.S. 141, 146 (U.S. 2001). "[T]o determine whether a state law has the forbidden connection, we look both to 'the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive,' as well as to the nature of the effect of the state law on ERISA plans." *Id.* (citing *Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N. A., Inc.*, 519 U.S. 316, 325, (1997)).

Under this standard, the Court holds that ERISA preempts the California divorce decree. The decree compels the ERISA plan administrator to pay benefits according to decisions made in California state court, rather than the clear specifications of the plan documents. As the Supreme Court held, the decree thus runs counter to ERISA's commands that a plan shall "specify the basis on which payments are made to and from the plan," §1102(b)(4), and that the fiduciary shall administer the plan "in accordance with the documents and instruments governing the plan," §1104(a)(1)(D), making payments to a "beneficiary" who is "designated by a participant,

or by the terms of [the] plan." §1002(8). *Id.* Joan's claims would alter the specifications of the plan and usurp the children's position as the plan's beneficiary. Such claims implicate *Egelhoff*'s proscription on a "forbidden connection," and are therefore preempted.

This result is consistent with the Ninth Circuit's application of *Egelhoff* to common law claims:

> "In evaluating whether a common law claim has "reference to" a plan governed by ERISA, the focus is whether the claim is premised on the existence of an ERISA plan, and whether the existence of the plan is essential to the claim's survival. If so, a sufficient "reference" exists to support preemption."

*Providence Health Plan v. McDowell,* 361 F.3d 1243, 1247 (9th Cir. 2004). If there were no ERISA plan for the parties to lay claim to, Joan's claims would not exist. Her claim therefore has "reference to" ERISA and cannot survive preemption.

Joan's attempts to circumvent preemption are unavailing. She argues that state-law claims pertaining to the exercise of judicially imposed remedies, such as constructive trust or garnishment, are not preempted by ERISA. (Dkt. No. 21 at 14.) The cases Joan cites, however, hold that *once a beneficiary is established*, she is not exempt from such remedies. Joan has no basis for arguing that state law affords her a superior position to the children as an ERISA beneficiary. In *Metropolitan Life Insurance Co. v. Cline*, the court found that ERISA "does not preempt the imposition of constructive trust on plan benefits *once they have been distributed.*" 2007 U.S. Dist. LEXIS 71367 at *10 (E.D. Wash. Sept. 26, 2007) (emphasis added). *Mackey v. Lanier Collection Agency & Service, Inc.* holds that ERISA does not prohibit garnishment of an ERISA welfare benefit plan, a claim that is not premised on the existence of the plan. 486 U.S. 825, 834 (U.S. 1988). Likewise, in *Woodward v. Szabo*, the court found that the State of Michigan did not wrongfully seize ERISA funds from the beneficiary. 2006 U.S. Dist. LEXIS 3717 ( E.D. Mich. Jan. 31, 2006). There again, the action was not premised on the existence of the plan, but merely targeted proceeds from the plan for satisfaction of an unrelated claim. In all the instances Joan cites, the beneficiary was established according to ERISA criteria—not state

law—and the remedy permitted by the court was not premised on the existence of the plan. As stated above, Joan's claims are not incidental to the distribution of plan benefits; the claims seek to alter the distribution of plan benefits. Thus, Joan cannot overcome the *Egelhoff* preemption standard.

Accordingly, Joan De Vita's Motion for Summary Judgment (Dkt. No. 21) is DENIED. Joseph De Vita III and Deborah De Vita's Cross-Motion for Summary Judgment (Dkt. No. 22) is GRANTED. The Clerk is DIRECTED to disburse the interpleaded funds, plus interest, to Joseph De Vita III and Deborah De Vita. The Clerk is DIRECTED to CLOSE this case.

DATED this 5th day of November, 2009.

John C. Coughenour
UNITED STATES DISTRICT JUDGE